RECEIVED
SEP - 4 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

To: All Counsel of Record

Issued By: Judge Rebecca F. Doherty

Re: Keel Charles v. Nabors Drilling USA, LP, et al.
Civil Action No. 12-0913

Date: September 4, 2012

## MINUTE ENTRY

On August 24, 2012, defendant ATP Oil & Gas Corporation filed a Suggestion of Bankruptcy in the above-referenced matter and therein argues "this matter is now subject to the automatic stay provided by 11 U.S.C. §362."

The Fifth Circuit has held §362 does not operate as an automatic stay of claims against a debtor's co-defendants. In order to permit counsel to take stock of the effect of the bankruptcy stay upon further proceedings herein, this matter is hereby STAYED for thirty (30) days, or until October 5, 2012. On or before that date, counsel for all parties (other than the debtor) are ORDERED to confer for the purpose of ascertaining whether or not all parties can reach an agreement as to how further proceedings in this matter should be handled. On or before the deadline, counsel shall jointly report to the Court, in writing, the results of their decisions. If the parties are unable to reach an agreement, a status conference will be scheduled by the Court for further discussion of the pertinent issues.

Counsel are advised that in the event any party seeks to have the stay of this matter extended beyond 30 days over objection of another party, the movant will be required to demonstrate the existence of a "clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else," as discussed in Wedgeworth v. Fibreboard Corporation, 706 F.2d 541 (5th Cir. 1983)(quoting Landis v. North American Co., 299 U.S. 248, 255 (1936).[1] See also Arnold v. Garlock, Inc., 278 F.3d 426, 436 (5th Cir. 2001)("Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors.")

---

[1] "[T]he protections of § 362 neither apply to co-defendants nor preclude severance." Wedgeworth at 544.